SAMUEL SCHUYLER et al., Appellants, *v.* THE PHŒNIX INSUR-
ANCE COMPANY, of Brooklyn, Respondent.

Defendant insured a cargo of corn on a canal boat against all perils and
losses which should occur on the voyage, excepting those "arising from
~r caused by ice." The policy contained this provision: "It is under-
stood there can be no abandonment of the subject insured, nor shall the
acts of the insurers or their agents in recovering, saving or disposing of
the property hereby insured be considered a waiver or an acceptance of
an abandonment, nor as affirming or denying any liability under this
policy; but such acts shall be considered as done for the benefit of all
concerned, without prejudice to the rights of either party." The boat
having been injured by ice and the corn damaged by wetting, it was
first taken possession of by a state·officer and then defendants' agent
took charge of it, removed therefrom the corn that was not damaged,
which was delivered to and accepted by plaintiffs, and sold the damaged
·corn; the proceeds, after deducting expenses of sale, were paid over to
plaintiffs, "without prejudice," to which course of procedure plaintiff
made no objection. In an action upon the policy, *held*, that the loss
having been caused by a risk expressly excepted no liability existed
under the policy; that defendant by taking possession of the cargo
did not acknowledge its liability for the loss, and was not estopped from
contesting it, and no estoppel could be created by subsequent acts of
waiver or conduct on defendants' part, unless they amounted to a con-
version, and as what was done in saving the cargo was pursuant to the
provisions of the policy and were for the benefit of all concerned, there
was no·conversion, and so defendants were not liable.

Reported below, 56 Hun, 493.

(Argued June 2, 1892; decided October 1, 1892.)

APPEAL from judgment of the General Term of the Supreme
·Court in the third judicial department, entered upon an order
made May 26, 1890, which affirmed a judgment in favor of
defendant, entered upon the report of a referee.

This action was brought upon a policy of marine insurance
(1) to recover the damages alleged to have been sustained by
the wetting of a cargo of corn (2) or to recover as for a con-
version of the property.

The facts, so far as material, are stated in the opinion.

*Matthew Hale* for appellants.

*George Clinton* for respondent.

FOLLETT, Ch. J.    November 19, 1887, the plaintiffs owned 8,000 bushels of corn which they shipped on the canal boat " H. D. Taft," to be carried on the Erie canal from Buffalo to Albany.    On that day the defendant, by an open policy in writing, insured the plaintiffs in the sum of $4,200 against the adventures and perils of the canal and all other perils, losses or misfortunes that should happen to the damage of the cargo on the voyage, " *excepting perils, losses and misfortunes arising from or caused by ice.*"

The policy contained the following provision :

" In case of loss or misfortune it shall be the duty of the captain and crew, or those having command, to use the utmost diligence and attention to save the property until some agent of this company shall arrive, and upon his arrival to assist him in the care and saving of the property, and neglect to do so will render this policy void, and it is understood there can be no abandonment of the subject insured ; nor shall the acts of the insurers or their agents in recovering, saving or disposing of the property hereby insured, be considered a waiver or an acceptance of an abandonment, nor as affirming or denying any liability under this policy ; but such acts shall be considered as done for the benefit of all concerned, without prejudice to the rights of either party."    The boat proceeded on its voyage, reaching Hoffman's Ferry, which is about ten miles west of Schenectady, at noon, December first.    Before this time ice about two inches thick had formed on the canal, which during that afternoon had been broken between Hoffman's Ferry and Schenectady, by an ice breaker operated under the direction of the superintendent of public works.    The effect of breaking the ice was to form a channel about twenty feet wide, more or less, filled with small pieces of floating ice and leaving on each side solid ice with ragged edges.    The referee found that the ice through which the boat passed cut away portions of the planking, making an opening in the boat near the water line, through which the water leaked.    That the

boat began to leak shortly after three o'clock in the afternoon of December first and continued until about eleven o'clock in the evening of that day, at which time there was about sixteen inches of water in the hold, which wet a portion of the corn. Shortly after the hour last mentioned the level where the boat lay was drawn, under the authority of the superintendent of public works, and the boat rested on the bottom of the canal until the morning of December second, when the injury to it was repaired, and the water was then let into the level and the boat floated. But the corn had become so wet that it expanded with such force as to separate the planking of the sides and bottom of the boat, creating new leaks through which water again entered to the injury of the cargo. The result was that 6,761 bushels of the cargo were wet, 1,239 bushels remaining dry. On that day the defendant, by its agent, took possession of the boat and removed therefrom the dry corn, which was delivered to and accepted by the plaintiffs without prejudice to the rights of the parties as they then existed. Late in the afternoon of December third the defendants sold the damaged corn for $2,197.75, which sum, after deducting the expenses, was paid over to the plaintiffs without prejudice to the rights of either of the parties as they then existed.

The referee found that the defendant in taking possession and selling the cargo acted in good faith; that the plaintiffs were present and knew what was being done to preserve the property and that they made no objection to the means adopted or to the sale which was made. Afterwards the plaintiffs served proof of loss and brought this action to recover the damages sustained. That the injury to the boat and the resulting damage to the cargo, was caused by ice, which was one of the perils not insured against, is found as a fact, and no case having been made and the record containing nothing but the judgment-roll, the facts found cannot be challenged.

The plaintiffs seek to avoid the defense upon the theory that the defendant by taking possession of the cargo acknowledged its liability for the loss and is now estopped from contesting it. The cases in which insurers have, by their conduct,

been estopped from interposing technical defenses are numerous, but no case has been cited wherein an original liability has been created by such conduct.   Under this policy the defendant was not liable for a loss caused by ice, which was a risk expressly excepted by the terms of the policy.   No liability existing under the policy, none could be created by any subsequent acts of waiver or conduct on the part of the defendant unless its acts amounted to a conversion for which it would be liable.   The court found that what was done by the defendant in saving the cargo was pursuant to the provisions of the policy and for the benefit of all concerned.   The learned counsel for the appellant refers to many cases in which it has been held that insurers become liable as for a total loss by taking possession of the subject insured.   This rule is a well-settled one, but in the cases cited the contract was quite different from the polic  issued by this defendant which contains this provision :

"Nor shall the acts of the insurers or their agents in recovering, saving or disposing of the property thereby insured be considered a waiver or acceptance of an abandonment, nor as affirming or denying any liability under this policy, but such acts shall be considered, without prejudice to the rights of either party."   This takes the case out of the rule ordinarily applicable to marine contracts of insurance.

There are no facts found by the referee upon which a recovery can be predicated upon the theory that the defendant converted to its own use any part of the cargo.   The boat was first taken possession of by a deputy superintendent of public works, probably to diminish the dangers of interrupting navigation, and when the agent of the defendant arrived the next day one of the plaintiffs had reached the wreck, and made no objection to what was afterwards done with the cargo.

The judgment should be affirmed with costs.

All concur, except VANN and PARKER, JJ., dissenting, and LANDON, J., not sitting. .

Judgment affirmed.